UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DEXTER EUGENE MIMS,

    Petitioner,

v.                                            CASE NO. 6:14-cv-357-Orl-31KRS
                                                       (6:13-cr-4-Orl-31KRS)

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER**

This cause is before the Court on an amended motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Dexter Eugene Mims (Doc. 8) and a memorandum of law (Doc. 9). The Government filed a response to the § 2255 motion (Doc. 11). Petitioner filed a reply (Doc. 16).

Petitioner alleges two claims. For the following reasons, the Court concludes that Petitioner is not entitled to relief.

### I.    Procedural History

Petitioner was charged by indictment with conspiracy to possess with intent to distribute five or more grams of cocaine (count one) and possession of a firearm in furtherance of a drug trafficking offense (count two) in violation of 21 U.S.C. § 841(b)(1)(A)(ii) and 18 U.S.C. § 924(c)(1)(A) (Criminal Case 6:13-cr-4-Orl-31KRS, Doc.

23).[1] Petitioner entered a guilty plea to the counts as charged and in exchange, the Government agreed to recommend a three-level reduction for acceptance of responsibility (Criminal Case Doc. 46). Magistrate Judge Spaulding entered a Report and Recommendation, recommending that the guilty plea be accepted (Criminal Case Doc. 60). The Court accepted the plea and adjudicated Petitioner guilty (Criminal Case Doc. 65). The Court sentenced Petitioner to consecutive sixty-month terms of imprisonment (Criminal Case Doc. Nos. 107 and 140).[2] Judgment was entered in the criminal case on May 23, 2013 (Criminal Case Doc. 111). Petitioner did not appeal.

## II.  LEGAL STANDARD

The Supreme Court of the United States established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The prejudice requirement of the *Strickland* inquiry is modified when the claim is a challenge to a guilty plea based on ineffective assistance. *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). To satisfy the prejudice requirement in such claims, "the defendant must

---

[1] Hereinafter, Criminal Case No. 6:13-cr-4-Orl-31KRS will be referred to as "Criminal Case."

[2] Petitioner receive a sentence below the recommended guidelines range for count one (Criminal Case Doc. 140 at 21-22, 34).

show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59.

A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> Has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

### III. ANALYSIS

Petitioner alleges in claim one that his plea was not "an informed and voluntary

3

waiver of his constitutional rights, where counsel was ineffective for failing to properly explain the 'in furtherance' element of § 924(c)" (Doc. 9 at 4). In support of this claim, Petitioner contends his attorney told him that because a gun was found in his home and he admitted to possessing the gun, he had no defense to count two. *Id.* Petitioner states that contrary to counsel's advice, he had a defense to count two, namely, that the Government could not prove that his possession of the firearm was "in furtherance" of, or helped, promoted, or advanced any drug trafficking. *Id.* at 5. Petitioner argues that mere possession of the firearm was not sufficient to sustain a conviction for count two. *Id.*

In claim two, Petitioner asserts that he is actually innocent of count two (Doc. 9-1 at 4). Petitioner contends that his actual innocence claim is supported by the Supreme Court's decision in *Rosemond v. United States*, 134 S. Ct. 1240, 1243 (2014) (holding that under aiding and abetting liability, § 924(c) requires a defendant to have "advance knowledge" that a "confederate would use or carry a gun during the crime's commission.") (Doc. 9 at 7).

To establish possession of a firearm "in furtherance" of a drug trafficking crime, the Government must prove that there is "some nexus between the firearm and the drug selling operation." *United States v. Timmons*, 283 F.3d 1246, 1253 (11th Cir. 2002). Factors pertinent to the "in furtherance of" element include the type of drug activity, the accessibility of the firearm, the type of firearm, whether the firearm is stolen, the status of the firearm's possession (illegal or legitimate), whether the firearm is loaded, the

4

firearm's proximity to the drugs or drug profits, and the time and circumstances under which the firearm is found. *United States v. Williams,* 731 F.3d 1222, 1232 (11th Cir.2013).

Additionally, possession may be actual or constructive. A defendant can constructively possess a firearm if he has "ownership, dominion, or control over the [firearm] itself or dominion or control over the premises . . . in which the [firearm] is concealed. *United States v. Hernandez*, 433 F.3d 1328, 1333 (11th Cir. 2005). Additionally, the firearm does not need to be on or near the defendant's person. *United States v. Wright*, 392 F.3d 1269, 1273 (11th Cir. 2004). A defendant's knowledge of the presence of a firearm and his power and intent to later take control over the firearm are sufficient to show knowing possession. *United States v. Perez*, 661 F.3d 568, 576 (11th Cir. 2011).

The factual basis in the plea agreement provides that Petitioner and his co-defendants conspired to commit a robbery, wherein they would steal 18 kilograms of cocaine (Criminal Case Doc. 46 at 25). During a post-*Miranda* interview, Petitioner told law enforcement that he "was going to use a .40 pistol" during the robbery, and he had it in his possession prior to the arrest. *Id.* Officers searched Petitioner's residence and found a .40 caliber pistol along with several other firearms. *Id.* at 26. Petitioner now argues for the first time in his reply that he never made such a statement to law enforcement and counsel should have pursued a motion to suppress this statement (Doc. 16 at 5). However, the Court notes that during the plea hearing, Petitioner admitted to the factual basis in the plea agreement and also stated on the record that he voluntarily obtained the firearms for the purpose of committing the robbery (Criminal Case Doc. 139 at 26-27). Petitioner's

5

representations to the Court constitute a "formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 432 U.S. 63, 73-74 (1977). Petitioner has not demonstrated that the Court should overlook those statements.

Although Petitioner did not have possession of the firearm at the time of his arrest, Petitioner admitted to constructive possession of the firearm when he told law enforcement about his knowledge of the firearm and intent to take control or use the firearm in furtherance of the drug trafficking crime. These facts are sufficient to support a conviction under § 924(c). *See United States v. Hodges*, 616 F. App'x 961, 968 (11th Cir. 2015) (holding a conviction under § 924(c) was supported by sufficient evidence where a firearm was found in a backpack outside of the home where the petitioner was arrested). Therefore, Petitioner cannot demonstrate deficient performance on the part of counsel or that counsel's actions, resulted in prejudice. Claim one is denied.

Additionally, based on the above discussion, Petitioner cannot demonstrate that he is actually innocent of count two because he has not offered any new evidence demonstrating his factual innocence. *See Schlup v. Delo*, 513 U.S. 298 (1995) (holding that actual innocence generally requires an offer of new evidence not presented at trial that is so reliable that it supports that, even in light of all of the other evidence and circumstances in the case, no reasonable jury would have found the defendant guilty beyond a reasonable doubt).

Moreover, Petitioner has not shown that the holding in *Rosemond* is applicable to

his case. The *Rosemond* Court determined that a defendant must have "advance knowledge" of a co-defendant's use of a firearm in order to be convicted under § 924(c). 134 S. Ct. at 1243. However, Petitioner was not convicted under an aiding or abetting theory. Instead, Petitioner was convicted of count two based on his own constructive possession of a firearm. Therefore, he cannot demonstrate that he is entitled to relief under *Rosemond*. Accordingly, claim two is denied.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Petitioner's amended motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. 8) is **DENIED**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. The Clerk of Court is directed to file a copy of this Order in criminal case number 6:13-cr-4-Orl-31KRS and to terminate the amended motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Criminal Case Doc. 142) pending in that case.

4. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). Petitioner has failed to make a substantial showing of the denial of a

constitutional right.³   Accordingly, a certificate of appealability is **DENIED** in this case.

**DONE AND ORDERED** in Orlando, Florida, this 25th day of February, 2016.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-3 2/25
Dexter Eugene Mims
Counsel of Record

---

³ Pursuant to the *Rules Governing Section 2255 Proceedings for the United States District Court*, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2255 Proceedings, Rule 11, 28 U.S.C. foll. § 2255.